ROBERT W. FREEMAN
Nevada Bar No. 3062
Robert.Freeman@lewisbrisbois.com
PRISCILLA L. O'BRIANT
Nevada Bar No. 010171
Priscilla.OBriant@lewisbrisbois.com
MAYRA SALINAS-MENJIVAR
Nevada Bar No.014607
Mayra.Salinas-Menjivar@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendants USAA Casualty
Insurance Company and United Services
Automobile Association*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA, NORTHERN DIVISION

\*\*\*

| | |
|---|---|
| RYAN E. UHLMEYER, an Individual, | CASE NO. 3:19-cv-00438-LRH-CLB |
| Plaintiff, | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| vs. | |
| USAA CASUALTY INSURANCE COMPANY, a Texas Corporation; UNITED SERVICES AUTOMOBILE ASSOCIATION, an Unincorporated Association; DOES I-XXX, and ABC CORPORATIONS A-Z, inclusive, | |
| Defendants. | |

In order to protect the confidentiality of certain information obtained by the parties herein, Plaintiff RYAN E. UHLMEYER, and Defendants USAA CASUALTY INSURANCE COMPANY ("USAA CIC") and UNITED SERVICES AUTOMOBILE ASSOCIATION ("USAA")[1]

---

[1] United Services Automobile Association ("USAA") is not a proper party to this litigation as it did not issue either of the insurance policies at issue in this case. To that end, USAA has filed a Motion to Dismiss [ECF No. 6], currently pending with the Court. In participating in this Protective Order, USAA does not waive or abandon its position that it is an improper party to this (footnote continued)

4837-3375-9918.1

1  (collectively, "Defendants"), hereby enter the following Stipulated Confidentiality Agreement and
2  Protective Order ("Protective Order"):

3      1.    This Stipulated Confidentiality Agreement and Protective Order ("Protective
4  Order") shall govern the use and treatment of information, documents, testimony or other tangible
5  things produced in this action by any party hereto, as well as discovery and document production
6  from third parties, in the above-referenced action. The nature of this Protective Order is to protect
7  defendants USAA CIC and USAA's respective member and business interests in its own
8  intellectual property, information, and processes. The insurance, banking, and investment
9  industries are highly competitive markets, and disclosure of Defendants' trade secrets, confidential
10 or proprietary information could cause irreparable and significant harm to the Defendants and their
11 members. This Protective Order is intended to prevent this foreseeable harm and any related
12 unforeseeable harm.

13     2.    As used in this Protective Order, the terms "Party" or "Parties" shall include the
14 Plaintiff Ryan E. Uhlmeyer and the Defendants USAA and USAA CIC, an each of their
15 employees, agents, representatives, and attorneys (including both outside counsel and inside
16 counsel).

17     3.    As used in this Protective Order, the term "Person(s)" shall include any "Party" or
18 non-party to this action, whether an individual, corporation, partnership, company, unincorporated
19 association, governmental agency, or other business or governmental entity.

20     4.    As used in this Protective Order, the term "Confidential Material" or "Confidential
21 Document" shall refer to any and all documents or other materials produced in response to
22 Requests for Production of Documents as well as any confidential or proprietary documents, data,
23 or any information or documents provided in response to other written discovery requests,

---

25 litigation and all causes of action brought against it should be dismissed. USAA also does not
26 waive its right to object to discovery request, interrogatories, depositions, or any other discovery
   conducted by Plaintiff. USAA will remain a party to this Protective Order and will continue as
27 such throughout this litigation until such time that all claims asserted against it in this litigation are
   resolved. USAA's rights and protections under this Protective Order, however, shall survive the
28 termination of claims brought against it in this litigation.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

interrogatory answers or deposition testimony, that contains: (1) information which any party or non-party believes in good faith to be a trade secret, proprietary information or confidential research, development, commercial, or other proprietary business information within the meaning of Fed. R. Civ. P. 26(c)(1)(G); and (2) documents and/or testimony that may reveal confidential, proprietary, personal, or commercially sensitive information. Such Confidential Material may be contained in any written, printed, recorded, or graphic matter of any kind and shall retain its confidential designation regardless of the medium on which it is produced, reproduced, or stored. Confidential Material includes all documents or information derived from Confidential Material, including excerpts, copies or summaries of Confidential Material. Any party or non-party may designate as Confidential Material (including interrogatory answers) any information or document or other items with a watermark or legend as indicated in paragraphs 8 or 9 below.

5. As used in this Protective Order, the term "Discovering Party" shall mean the Party who has requested the production of documents, information, testimony or other material designated as Confidential Material under this Protective Order.

6. As used in this Protective Order, the term "Producing Party" shall mean the Party who has produced documents designated as Confidential Material under this Protective Order.

7. It is the purpose of this Protective Order that Defendants will be provided reasonable assurance that:

(a) The documents produced by the Defendants, whether jointly or individually, will be used solely and exclusively for the purpose of this specific litigation only and for no other purpose;

(b) The documents produce by the Defendants, whether jointly or individually, will not be used for commercial purposes, including but without limitation, any business, competitive or educational purpose;

(c) The documents produced by the Defendants, whether jointly or individually, will not be used for any non-litigation purposes; and

(d) Such information shall not be disclosed or disseminated to any person, organization, business, governmental body or administrative agency unless ordered by the Court.

1  Defendants are relying on this Protective Order, and would not have produced the documents and information otherwise. Defendants' production under this Protective Order does not admit or concede the documents or information are relevant or admissible in this litigation.

8.  Any party or non-party may designate information contained in a document as Confidential Material, the designating party shall mark each page of the document with the word "CONFIDENTIAL" and identify such Confidential Material at the time of production. Confidential Information may be used in the course of depositions in accordance with this Protective Order. Where a document or response consists of more than one page, the first page and each page on which Confidential Material appears shall be so designated.

9.  Defendants may designate any information, document, testimony or other tangible thing disclosed during a deposition, in response to written discovery, or otherwise in connection with this litigation as Confidential Material by so indicating in said response, or on the record at the deposition and requesting the preparation of a separate transcript of such material. Documents may be designated Confidential Material by affixing the legend "CONFIDENTIAL" to each item or document page. Deposition testimony and/or exhibits may be designated Confidential Material either by: (a) stating on the record of the deposition that such deposition, or portion thereof, or exhibit is confidential; or (b) stating in writing served upon counsel of record within thirty (30) days after receipt of the deposition transcript and exhibits that such deposition, or portion thereof, or exhibit is confidential. Transcripts and exhibits from any deposition or hearing shall be temporarily designated as Confidential Material and be treated as subject to the terms of this Protective Order, until counsel for Defendants notifies all other parties of the pages of the transcripts or exhibits which shall remain designated as Confidential Material. If no designation is made within thirty (30) days, the entire transcript and all exhibits will be deemed not confidential. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 10 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the Confidential designation until the matter is resolved according to the procedures described in paragraph 10 below, and counsel for all parties shall be responsible for

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-3375-9918.1

4

making all previously unmarked copies of the designated material in their possession or control with the specified designation.

10. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Material may only be copied, disclosed, discussed, or inspected, in whole or in part, only for the purposes of this litigation only by the following persons and shall not be disclosed to any person other than:

   (a) counsel of record for the respective parties to this litigation, in-house counsel and co-counsel retained for this litigation;

   (b) personnel who are directly employed or contracted by the attorneys in (a) above or their respective firms and who are assisting the attorneys working on this action;

   (c) any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

   (d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person is provided with a copy of this Protective Order and shall agree in writing to be bound thereto by executing a copy of the Acknowledgement annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Material and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Material;

   (e) any authors or recipients of the Confidential Material;

   (f) any person who is expected to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation therefore, and any other person to whom the dissemination of the document is deemed necessary by any party in preparation for trial (other than persons described in paragraph 4(e)). A witness shall be provided with a copy of this Protective Order to review and shall sign the Acknowledgement annexed hereto before being shown or given access to Confidential Material. Confidential Material may be disclosed to a witness who will not sign the Acknowledgement only in a deposition at which the party who designated the Confidential Material is represented or has been given notice that

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-3375-9918.1                                5

Confidential Material shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Material shall not be allowed to retain copies in any form; and

(g) the United States District Court for the Unofficial Northern District of Nevada (the "Court"), Court personnel, including court reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit;

(h) any mediator or arbitrator selected with the consent of all parties or by the Court.

11. Any persons receiving Confidential Material shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

12. Any designating party may elect to designate certain Confidential Material of a highly confidential and/or proprietary nature as "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 8 and 9 above. Attorney's Eyes Only Material, and the information contained therein, may be disclosed to only those persons described in subparagraphs 10(a), (d), and (g)-(h) above, and shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply. If a party objects to materials designated "Highly Confidential-Attorneys & Experts Only," the objecting party may follow the procedure set forth in paragraph 16 herein to remove such designation.

13. Prior to filing any document identified as Confidential Material, the party that intends to file with the Court pleadings or other papers containing or referring to Confidential Material shall notify the designating party at least ten (10) days prior to filing the designated document. The designating party will then make a good faith determination whether the document(s) meet the standard for sealing as set forth in the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-3375-9918.1

6

may be filed publicly no later than seven (7) days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than seven (7) days after receiving notice of the intended filing. The filing party shall take all reasonable steps to file documents as "Confidential" under seal and attach the declaration of the designating party to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.

In the event of an emergency motion, the above procedures shall not apply. Instead, the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three (3) days of its filing. If the designating party fails to timely file such a declaration, the Court may order the document filed in the public record.

14. Any party filing Confidential Material or motions to seal shall comply with this Protective Order and LR 10-5.

15. A party may designate as Confidential Material documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential Material, although a document may lose its protected status if it is made public.

16. If any Party disagrees with the designation of materials marked "Confidential" or "Highly Confidential-Attorneys Eyes Only", the objecting party shall within five (5) days of receipt of the materials, provide written notice of the disagreement to the Defendants, requesting a meeting to confer with counsel for Defendants to resolve the dispute over the designation. If the dispute over the designation is not resolved informally between the parties, Defendants will file a motion with the Court to resolve the dispute regarding the "Confidential" or "Highly Confidential-Attorneys Eyes Only" designation. Defendants will have 30 days from the date in which the parties meet and confer regarding the dispute over the designation, in which to file a motion with the court


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-3375-9918.1

7

regarding the designation. In any event, unless and until a Court ruling is obtained changing a designation, or the designating party agrees otherwise in writing, the material involved shall be treated according to the existing Confidential Material designation.

17. Notwithstanding any challenge to the designation of material as Confidential Material, all documents shall be treated as Confidential and shall be subject to the provisions hereof unless and until one of the following occurs:

    (a) the party or non-party claims that the material is Confidential Material withdraws such designation in writing; or

    (b) the party or non-party who claims that the material is Confidential Material fails to apply to the Court for an order designating the material confidential within the time period specified in paragraph 10 after receipt of a written challenge to such designation; or

    (c) the Court rules the material is not confidential.

18. This Protective Order survives the end of the above-styled litigation. All provisions of this Protective Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon final settlement or conclusion of this action, a party in the possession of Confidential Material, other than that which is contained in pleadings, correspondence, and deposition transcripts (with the exception of exhibits therein), shall either:

    (a) return such documents no later than thirty (30) days after the final settlement or termination of this action to counsel for the party or non-party who provided such information, or

    (b) destroy such documents within the time period upon consent of the producing party and certify in writing within thirty (30) days that the documents have been destroyed.

The party in possession of Confidential Material shall return or destroy all Confidential Material as specified above, including all copies, notes, tapes, papers and any other medium containing, summarizing, excerpting, or otherwise embodying any Confidential Material. The party shall be entitled to destroy, rather than return (a) any Confidential Material stored in or by

data processing equipment, and (b) work-product memoranda embodying Confidential Material, subject to privilege under State Bar rules, and confirm in writing to the producing party its compliance with this section.

19. The Confidential Material shall not be published or reproduced in any manner on the internet, blogs, bulletin boards, email, newspapers, magazines, bulletins, or other media available publicly or privately. Likewise, persons may not verbally share the Confidential Material to any persons or entities not listed in subsections 10(a)-(h).

20. The parties agree to limit dissemination of any Confidential Material as set forth in this Protective Order and are materially relying on the representations and covenants contained herein.

21. In the event that Confidential Material is inadvertently produced without designating such documents or information as "Confidential" or "Highly Confidential-Attorneys Eyes Only" within the time periods established in this Protective Order, any party or nonparty shall properly designate such documents or information as "Confidential" or "Highly Confidential-Attorneys Eyes Only," and the parties shall be bound by such designations pursuant to the terms of this Protective Order, but shall not be deemed to be in breach of this Protective Order by reason of any use or disclosure of such Confidential Material that occurred prior to notification of the correct designation. Inadvertent production of such documents or information in this case without designation as "Confidential" or "Highly Confidential–Attorneys Eyes Only" shall not be deemed a waiver, in whole or in part, of any party's claim to confidentiality of such documents or information, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed.

22. Confidential Material designated by Defendants shall be used only for the purposes of prosecuting or defending this action. Under no circumstances shall information or materials covered by this Protective Order be disclosed to or discussed with anyone other than the individuals designated in paragraph 10.

23. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-3375-9918.1

9

24. Nothing herein shall be deemed to waive any applicable privilege or work-product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

25. If any party receives a subpoena from a nonparty to this Protective Order seeking production or other disclosure of Confidential Material, it shall refuse to produce any Confidential Material under the authority of this Protective Order and shall immediately give written notice to counsel for the designating party, identifying the Confidential Material sought and enclosing a copy of the subpoena.

26. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties; respective counsel or by oral advice at the time of any deposition or similar proceeding.

27. The parties stipulate that this Court shall retain jurisdiction over them and any person to whom Confidential Material is disclosed to the extent necessary to enforce the terms of this Protective Order. Any party, including attorneys of record, and outside consultants and experts retained in this action, who violates this Order, including but not limited to unauthorized disclosure of Confidential Material or Confidential Documents, is subject to sanctions, including but not limited to, dismissal of claims or defenses, civil contempt, damages, assessment of reasonable expenses, including attorneys' fees incurred by the person whose Confidential Material was disclosed in violation of this Order, and/or any other sanction deemed appropriate by the Court. Disclosure of confidential material in violation of this order will also entitle a party to recover all damages proximately flowing from the violation, including attorneys' fees expended in the enforcement of this order. Upon an alleged violation of this Protective Order, the Court on its own motion or on the motion of any party may grant relief as it deems appropriate in law or equity.

28. Should any provision of this Stipulation be struck or held invalid by a court of competent jurisdiction, all remaining provisions shall remain in full force and effect.

29. The documents and information at issue do not involve the public health and safety, a public entity, or issues important to the general public.

30. The terms of this Protective Order are subject to modification, extension or

limitation as may be hereinafter agreed to by the parties in writing or as ordered by the Court. Any modifications, extensions or limitations agreed to in writing by the parties shall be deemed effective pending approval by the Court.

31. No modifications of this Protective Order or waiver of its provisions will be binding upon the parties, unless made in writing by the parties.

| | |
|---|---|
| Dated this 13th day of December, 2019. | Dated this   day of December, 2019. |
| LEVERTY & ASSOCIATES LAW CHTD. | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| /s/ Patrick R. Leverty | /s/ Mayra Salinas-Menjivar |
| PATRICK R. LEVERTY<br>Nevada Bar No. 8840<br>WILLIAM R. GINN<br>Nevada Bar No. 6989<br>832 Willow Street<br>Reno, Nevada 89502<br>*Attorneys for Plaintiff Ryan E. Uhlmeyer* | ROBERT W. FREEMAN<br>Nevada Bar No. 3062<br>PRISCILLA L. O'BRIANT<br>Nevada Bar No. 10171<br>MAYRA SALINAS-MENJIVAR<br>Nevada Bar No.014607<br>6385 S. Rainbow Boulevard, Suite 600<br>Las Vegas, Nevada 89118<br>*Attorneys for Defendants<br>USAA Casualty Insurance Company and<br>United Services Automobile Association* |

## ORDER

**IT IS SO ORDERED.**

Dated this _____ day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT OF RECEIPT AND AGREEMENT TO COMPLY WITH STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

I, _____, have reviewed carefully the Stipulated Confidentiality Agreement And Protective Order ("Protective Order") concerning the treatment of confidential or proprietary information, or other commercially sensitive or personally sensitive information of a non-public nature ("Confidential Material") executed by the parties in the above-captioned case, and its significance has been explained to me by counsel. I agree to be bound by the terms of the Protective Order, and to treat as confidential and not to disclose Confidential Material to any person who is not authorized to receive that information under the Protected Order. I hereby consent to the jurisdiction of that Court for the purposes of enforcing that Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
SIGNATURE

_____
PRINTED NAME

_____

_____
ADDRESS

_____
TELEPHONE NUMBER

_____

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b) and Section IV of the District of Nevada Electronic Filing Procedures, I hereby certify that on the 13th day of December, 2019, I caused to be served a true and correct copy of the foregoing **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** in *Ryan E. Uhlmeyer v. USAA Casualty Insurance Company et al.*, United States District Court Case No. 3:19-cv-00438-LRH-CBC, to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing System.

Patrick R. Leverty, Esq.
William R. Ginn, Esq.
LEVERTY & ASSOCAITES LAW CHTD.
832 Willow Street
Reno, NV 89502
*Attorneys for Plaintiff*

By  /s/ *Patricia Somerville*
    An Employee of LEWIS BRISBOIS BIGAARD & SMITH